# Exhibit A

CPS1450173

# GREER LAW FIRM, LLC

DONALD K GREER, JR
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

September 18, 2017

**CERTIFIED AND REGULAR MAIL**

Scottsdale Insurance Company
8877 North Gainey Center Drive
Scottsdale, AZ  85258

Re: Wilcove Land Company, LLC, et als vs. QBE Insurance
   Corporation, et als
   Docket No.: L-3218-17
   Our File No.: 22236

Dear Sir/Madam:

Enclosed please find a copy of a Summons and Complaint we filed against you in connection with the above-indicated matter. Upon reading the Summons, you will note that you have thirty-five (35) days within which to file an Answer to the charges made in the Complaint.

For that reason, if you are covered by insurance for this matter, send these papers immediately to your insurance company. If you are not covered by insurance, take these papers immediately to an attorney.

Service is being made upon you through the mail under the authority of 4:4-4 of the Rules Governing the courts of the State of New Jersey.

Very truly yours,

DONALD K. GREER, JR.

DKG/hb
Enclosure

Our File No.: 22236
Donald K. Greer, Esq. - Bar #: 030391985
GREER LAW FIRM
2006 Highway 71, STE 6
Spring Lake Heights, New Jersey 07762
(732)449-7900; FAX: (732)449-7901
Attorneys for Plaintiffs

FILED AUG 25 2017 MONMOUTH VICINAGE CIVIL DIVISION 254

| | |
|---|---|
| Wilcove Land Company, LLC<br>And Wilco Kovacs Corner Bar and Grill,<br>And William Kovacs, individually<br><br>　　　　Plaintiffs<br><br>　　　　vs.<br><br>QBE Insurance Corporation, its successors and/or assigns,<br>National General,<br>National General Insurance,<br>National General Insurance Holdings Corp.,<br>Northland Insurance Company,<br>Scottsdale Insurance Company,<br>And ABC Corps. 1-10, said names being fictitious<br><br>　　　　Defendants | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MONMOUTH COUNTY<br><br>DOCKET NO.: L-3218-17<br><br>A Civil Action<br><br>COMPLAINT<br>AND JURY DEMAND |

Plaintiffs, Wilcove Land Company, LLC, Wilco Kovacs Corner Bar and Grill, and William Kovacs, individually, all doing business at 20 Hardwood Drive, Jackson, NJ 08527 by way of Complaint against the Defendants:

**QBE Insurance Corporation**, its successors and/or assigns, doing business at 1515 Market St., Philadelphia, PA 19102 and all counties in the State of New Jersey; and

**National General**; and

1

**National General Insurance;** and

**National General Insurance Holdings Corp.** all doing business at P.O. Box 3199 Winston-Salem, NC 27102-3199 and in all counties in the State of New Jersey; and

**Northland Insurance Company**, doing business at 385 Washington Street, Saint Paul, MN 55102-1309 and throughout all counties in the State of New Jersey; and

**Scottsdale Insurance Company** doing business at 8877 North Gainey Center Drive, Scottsdale, AZ 85258 and doing business in all counties throughout the State of New Jersey; and

**ABC Corps. 1-10**, said name being fictitious do state:

## ALLEGATIONS COMMON TO ALL COUNTS

1. The Defendants issued a policy or policies for insurance insuring the premises and contents of the Plaintiffs' business.

2. QBE Insurance Corporation, its successors and/or assigns is on information and belief to have issued a policy numbered "SIM 1088896-10" and as thereafter renewed.

3. National General, National General Insurance, National General Insurance Holdings Corp. are on information and belief to have been the successor(s) to QBE Insurance Corporation and therefore liable for policies issued by QBE Insurance Corp., or they are on information and belief to have issued a new policy number(s) unknown to Plaintiffs and as thereafter renewed.

4. Northland Insurance Company is on information and belief to have issued a policy numbered WS111644 and as thereafter renewed.

5. Scottsdale Insurance Company is on information and belief to have issued policy numbered CPS1450173 and as thereafter renewed.

6. ABC Corps. 1-10, said names being fictitious, are on information and belief to have issued policies under numbers unknown to Plaintiffs at this time but which continuing investigation and discovery are anticipated to reveal.

7. During the relevant policy period(s), Plaintiffs suffered a covered loss under one or more of the policies issued by Defendants to Plaintiffs

8. The Defendants have not paid the Plaintiffs sums due under the policies.

## FIRST COUNT

### Declaratory Judgment

9. Plaintiffs repeat and incorporate all the allegations of the prior paragraphs as if set forth at length and verbatim herein.

10. The Defendants have not made payments to Plaintiffs due under the policies of insurance issued to Plaintiffs.

11. The Defendants owe coverage under the policies issued to Plaintiffs.

WHEREFORE, Plaintiffs demand judgment requiring coverage under the policies, for sums due under the policies, plus damages, including punitive damages, plus all allowable contractual and prejudgment and postjudgment interest, together with costs, attorneys' fees and all other relief deemed equitable and just.

## SECOND COUNT

### Breach of Contract

12. Plaintiffs repeat and incorporate all the allegations of the prior paragraphs as if set forth at length and verbatim herein.

13. The policies of insurance by Defendants to Plaintiffs are a contract.

14. The contract(s) has/have been breached.

15. Plaintiffs have been damaged by the breach.

WHEREFORE, Plaintiffs demand judgment requiring coverage under the policies, for sums due under the policies, plus damages, including punitive damages, plus all allowable contractual and prejudgment and postjudgment interest, together with costs, attorneys' fees and all other relief deemed equitable and just.

### THIRD COUNT

### Bad Faith Denial

16. Plaintiffs repeat and incorporate all the allegations of the prior paragraphs as if set forth at length and verbatim herein.

17. The Defendants' conduct constitutes a bad-faith and a bad-faith denial.

18. The Defendants are liable to Plaintiffs for attorneys' fees and punitive damages.

WHEREFORE, Plaintiffs demand judgment requiring coverage under the policies, for sums due under the policies, plus damages, including punitive damages, plus all allowable contractual and prejudgment and postjudgment interest, together with costs, attorneys' fees and all other relief deemed equitable and just.

### FOURTH COUNT

### Fictitious Defendants – Declaratory Judgment, Breach of Contract and Bad-Faith Denial

19. Plaintiffs repeat and incorporate all the allegations of the prior paragraphs as if set forth at length and verbatim herein.

20. Defendants ABC Corps. 1-10, said names being fictitious, are recited herein for the purposes of preserving any statutes of limitations, and are not at the present time known to Plaintiffs as the Plaintiffs are in the process of locating records.

21. Defendants ABC Corps. 1-10, said names being fictitious, are on information and belief possible successors in interest or are assigns of the named Defendants.

22. Defendants ABC Corps. 1-10, said names being fictitious, are liable to Plaintiffs herein as are the other Defendants, and are subject to liability by way of declaratory judgment.

23. Defendants ABC Corps. 1-10, said names being fictitious, are liable to Plaintiffs herein as are the other Defendants, and are subject to liability for breach of contract. Defendants

24. ABC Corps. 1-10, said names being fictitious, are liable to Plaintiffs herein as are the other Defendants, and are subject to liability for bad-faith denial.

WHEREFORE, Plaintiffs demand judgment requiring coverage under the policies, for sums due under the policies, plus damages, including punitive damages, plus all allowable contractual and prejudgment and postjudgment interest, together with costs, attorneys' fees and all other relief deemed equitable and just.

GREER LAW FIRM
Attorneys for Plaintiff

Dated: August 24, 2017

By: Donald K. Greer, Esq.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, DONALD K. GREER, ESQ. is hereby designated as trial counsel for Plaintiffs in this matter.

5